UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RAKESH MODI, et al.,<br><br>Defendants. | Case No. 18-cv-05532-RS<br><br>**ORDER GRANTING PARTIAL SUMMARY JUDGMENT** |

Plaintiff G & G Closed Circuit Events, LLC licenses so-called "pay per view" programs of boxing matches distributed on cable television. In this action, G & G alleges one of its programs was shown without a license at Club OMG!, a commercial establishment in San Francisco. Defendants are Club OMG!, LLC, and two individuals, Rakesh Modi and Paresh J. Shah, who are alleged to be the managing members of the LLC. Relying primarily on defendants' submissions in the Joint Case Management Conference Statement, G & G sought partial summary judgment to establish the liability of all three defendants under 47 U.S.C. §553 and common law conversion.

In opposition, defendants argued they only intended to stipulate that 47 U.S.C. §553 applies to this matter, as opposed to 47 U.S.C. §605, under which G & G seeks damages in the alternative. Defendants further effectively conceded liability under §553 as to the LLC, arguing only that there has been no stipulation or proof that the individual defendants are also liable.

By prior order, G & G's attempt to obtain partial summary judgment based on the statements in the CMC statement has been rejected. The prior order, however, invited defendants

to respond to the arguments and evidence in G & G's reply brief, which was directed at establishing the individuals' liability apart from the contents of the CMC statement. Defendants have not responded, and the deadline for doing so has elapsed.

G & G's showing of the factual and legal basis to impose liability on the individual defendants was adequate to shift the burden to them to demonstrate the existence of a triable issue of fact. In light of defendants' concession that liability under §553 exists as to the LLC, and their failure to respond as to the individuals' liability, partial summary judgment as to liability is warranted as to all defendants.[1] Because the same facts support liability under G & G's conversion claim the summary judgment as to liability extends to that claim as well.

**IT IS SO ORDERED**.

Dated: May 6, 2020

RICHARD SEEBORG
United States District Judge

---

[1] Defendants previously argued G & G had not shown a basis to "pierce the corporate veil." Individual liability for violations of the statute, like tort liability, turns on the individual's participation in the wrongful act, not on disregard of the corporate form. Additionally, even absent direct participation, a corporate officer or shareholder is vicariously liable for a violation of §553 if "(1) the individual had a right and ability to supervise the infringing activities and (2) had an obvious and direct financial interest in those activities." *J & J Sports Prods., Inc. v. Walia*, 2011 WL 902245, at *3 (N.D. Cal. Mar. 14, 2011).